IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v. § § § | CASE NUMBER 6:21-CR-00082-JDK-JDL-1 |
| § § | |
| KYNDALL DY'CHRISTOPHER WALLACE, § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 23, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kyndall Dy'Christopher Wallace. The government was represented Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 57 to 71 months. On September 14, 2022, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas, pursuant to a plea agreement for a variance accepted by the court, sentenced Defendant to 48 months imprisonment, followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and acquiring a high school certificate. On March 21, 2025, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release: (1) on May 13, 2025, and July 1, 2025, when Defendant submitted urine specimens that tested positive for marijuana. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana as shown by his positive drug tests, Defendant will be in violation of Texas Health and Safety Code § 481.121 and have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition prohibiting Defendant from using controlled substances and requiring periodic drug testing asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 8 months followed by 1 year of supervised release with the additional pre-release condition that Defendant will reside in a residential reentry center or similar facility for 180 days after being released from confinement.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 8 months with 1 year of supervised release to follow, subject to the previous supervised release conditions and the pre-release condition set forth herein. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX or FCI

Texarkana, TX if available. If determined to be medium risk by the Bureau of Prisons, the court **RECOMMENDS** that Defendant serve his sentence at FCI Pollock, LA, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 24th day of September, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE